# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1435

VASSIL SAPOUNDJIEV, ENCHEVA SAPOUNDJIEV,
and HRISTO C. SAPOUNDJIEV,

*Petitioners*,

*v.*

JOHN ASHCROFT, Attorney General of
the United States,

*Respondent.*

_____

ON PETITION FOR REHEARING

_____

DECIDED OCTOBER 7, 2004

_____

Before EASTERBROOK, MANION, and KANNE, *Circuit Judges.*

PER CURIAM. The petition for rehearing contends that invocation of the fugitive-disentitlement doctrine is unwarranted, because the petitioners could not have known that a stay of removal did not relieve them of the need to report for custody.

This is a weak argument. The Attorney General invoked the fugitive-disentitlement doctrine, citing a decision that makes the very point that the Sapoundjievs say came as a

shock to them. See *Bar-Levy v. INS*, 990 F.2d 33, 34 (2d Cir. 1993). The combination of *Bar-Levy* with the Attorney General's memorandum should have induced them to report for custody. See also *Ofusu v. McElroy*, 98 F.3d 694, 700 (2d Cir. 1996).

What is more, although our opinion, which was issued on July 22, 2004, lifted the stay of removal, the Sapoundjievs *still* have not reported. If there were any doubt in July about their status as fugitives, there can be none today.

Thus although we agree with the Sapoundjievs that application of the fugitive-disentitlement doctrine is not mandatory but is instead a matter for the exercise of sound judicial discretion, see *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239-42 (1993), it is appropriate to invoke that doctrine given their enduring failure to report for custody.

All three members of the panel have voted to deny the petition for rehearing, and no judge in active service has called for a vote on the request for rehearing en banc. The petition accordingly is denied.

A true Copy:

      Teste:

                _____
                *Clerk of the United States Court of*
                  *Appeals for the Seventh Circuit*