NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued June 2, 2008
Decided July 2, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3321

| | |
|---|---|
| BESTA CHIKWANDA, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| *v.* | |
| | No. A97-102-105 |
| MICHAEL B. MUKASEY, Attorney | |
| General of the United States, | |
| *Respondent*. | |

**O R D E R**

Petitioner Besta Chikwanda seeks review of an order of the Board of Immigration Appeals denying her request for withholding of removal. Chikwanda, who was born in Zimbabwe and lived there for her entire life before fleeing to the United States in January 2001, believes that if she is returned to Zimbabwe as ordered, it is more likely than not that she will be subject to persecution on account of her involvement in the Movement for Democratic Change ("MDC"), the party opposing the Zanu PF, the

current ruling party led by Robert Mugabe. Chikwanda also alleges that she has suffered past persecution in Zimbabwe at the hands of Michael Mbofana, whom she was forced to marry when she was 13 years old. Mbofana, she claims, was abducted by Zimbabwean guerillas four years after the arranged marriage, but he returned to Chikwanda's home years later with members of the Zanu PF Youth to interrogate Chikwanda about her MDC activities. At that time, she says, he beat her violently and raped her.

We heard oral argument on this petition for review on June 2, 2008. While awaiting argument, Chikwanda requested an emergency stay of removal pending review from this court, as she had been scheduled to report to immigration authorities on May 27, 2008. In an order dated May 12, 2008, we granted the emergency stay of removal but noted that "Petitioner must understand that a stay of removal does not affect her obligation to report to custody on May 27." We added that "[o]nly removal from the United States is stayed," thus making it clear that despite our order granting the stay, Chikwanda still was required to report to the custody of the U.S. Department of Homeland Security's Immigration & Customs Enforcement (ICE) authorities on or before May 27, 2008.

At oral argument, we asked both counsel for the Attorney General and Chikwanda's lawyer  whether Chikwanda had indeed reported to ICE on May 27. A failure to do so would make her a fugitive from justice, thereby compelling dismissal of her petition under the fugitive-disentitlement doctrine. See *Sapoundjiev v. Ashcroft*, 376 F.3d 727, rehearing denied, 384 F.3d 916 (7th Cir. 2004). Neither side knew the answer to that question, and so we ordered the parties to look into Chikwanda's status and inform the court whether or not she had reported to ICE on the required date. In a filing dated June 5, 2008, counsel for the Attorney General informed us that she had spoken with a supervisor at ICE, who advised that he had no record of Chikwanda's reporting to custody on May 27. The ICE representative further stated that either Chikwanda or her counsel had called the office twice to inquire whether Chikwanda needed to submit to custody on May 27, and that both times the caller was informed that, yes, Chikwanda was required to appear at ICE on or before that date. In a letter filed June 12, 2008, counsel for Chikwanda said that she had been unable to contact Chikwanda and therefore had no information about whether Chikwanda had reported to ICE. Counsel further stated that she, too, had called ICE, and had likewise been informed that Chikwanda did not appear on or before May 27, or on any date since. "Therefore," wrote counsel, "we do not dispute the submission entered [on behalf of the respondent] stating that [Chikwanda] did not appear at her custody hearing."

The following day, we issued an order recounting these facts and requiring Chikwanda's counsel to show cause why the petition should not be dismissed under the fugitive-disentitlement doctrine. The 10-day time period that we allowed for that filing has long since passed, and we have received nothing from counsel. The only possible inference this course of events supports is that Chikwanda did not report and that she is therefore a fugitive. We therefore order the petition DISMISSED under the fugitive-disentitlement doctrine.